We will hear argument next in No. 232308, All Metal Beverage against Crown Packaging. Mr. Gettle? How do you pronounce your name? Yes, Your Honor. Gettle. Gettle. Thank you. May it please the Court. First of all, I don't know if I need to say this, but I'd like to reserve four minutes for rebuttal. I don't need to say it. I want to start with a focus on what we called in our briefing the broad claims. That's every asserted claim except for Claim 54. Those claims rise and fall together. As to these claims, Ball's indefinite mischarge rests on various patent drawings. And the proof that the patent drawings invalidate the claims as indefinite comes entirely from Ball's expert witness. On an expert declaration. In granting summary judgment as to these claims, the District Court ran afoul of Rule 56. What the District Court did was it considered Ball's expert declaration and it entirely discounted Crown's competing expert declaration that combated each and every patent. It discounted it because it said Crown's expert didn't address the correct question and therefore wasn't usable to create a genuine issue. The District Court's opinion can be read. So, if that's what it is. I find, I mean, there's only about a paragraph on this and it is a little opaque. And it seems to me it can be read two different ways. One is the District Court made subsidiary findings of fact in a quasi-claim construction-like manner, which you would do for indefiniteness. If we did that, we would review those for clear error. Or he did it and said they came forth with an undisputed statement of material facts from their expert. That whole chart about which are in and which are out. Which was the subject of what was the point of the remand. And he found that your expert didn't submit any evidence that related to that question and therefore shouldn't be considered. And therefore there was no genuine issue of material fact on that. Why isn't that the right way, one of those two ways, the right way of looking at the District Court's decision? So, first of all, if the District Court decided a disputed issue of material fact, a genuine issue of material fact, obviously this Court should reverse because that would be improper on summary judgment. But to your second point. Why? It's an indefiniteness question. The District Court gets to make the subsidiary findings of fact on indefiniteness, doesn't he? There was no fact finding done here, Your Honor. Okay, so if that's the case, if we look at this as to whether it's disputed material issue of fact, he says, Mr. Biondis disputed these material and different outcomes by using measurements that were different. In doing so, he did not create a genuine issue of material fact. Now, he could have explained better what he meant by that, but the best reading I have of that is he found your expert's testimony not relevant to the specific point of the remand and therefore disregarded it. So, if that's the case and you have no testimony disputing their expert, what is the dispute of material fact? The dispute of material fact, the easiest way to see our summary of that is on page 37 of the blue brief where we lay out a summary chart of the competing expert's testimony. No, no, no. That's not answering my question. If the District Court properly disregarded your expert testimony, there's no genuine issue of material fact, right? If the disregard was proper, we agree, Your Honor. If the District Court did do that, Your Honor, and the paragraph is opaque, if the District Court did disregard our expert's testimony, he didn't explain why he did that. Well, he did. He said, you're using – your new expert used measurements that were different from those used originally by your original expert. Which he did. The one point that we have from your original expert actually shows that there are material differences on at least one patent claim and on at least one type of measurement. He remeasured that specific point to put him back in. And so the District Court said, you're not using the same methodology that the Federal Circuit has already said. These are three different methodologies. All you have to do is go back and see in effect whether they produce different outcomes. Your Honor, our expert did use the correct methodology. The mandate required – the mandate set forth what the change in geometry method is. Our expert applied that. He remeasured, though. He remeasured one cannon that would affect one claim, Claim 54. And the way he did those measurements was different than the first time around, right? They were within how the mandate described – That's not what I'm asking. He measured them differently than your original expert. In the sense that he used an electronic compass where the prior expert used a physical compass. That's the only difference between the way our current expert and the prior expert did the analysis. He used an electronic compass versus a manual compass, a physical compass. And when you look at the mandate from this court, the last decision by this court, it didn't specify that you have to use a physical compass. You have to do it exactly the way the prior expert did. What our expert did was used a more accurate method of doing it. He used a computer. He was able to blow it up on the screen of the computer, and he used an electronic compass. Notably, your Honor, Paul's expert never took issue with that. Paul's expert never said the way this methodology was implemented was unreliable. The reason for that is it's entirely reliable. It's simply the difference between handwriting 2 plus 4 on a pad of paper and using a calculator to tell you what 2 plus 4 is. But the numbers came out different, right? For one claim, your Honor, yes, your Honor, our current expert disputes. So you wanted to walk away from Mr. Higgum's numbers for this one claim. It's not a walk away at all, your Honor. And then swap out his numbers for a new set of numbers with your new expert that would better conform with defending the claims under indefiniteness. There's no swap out. Our expert simply disagreed with our prior expert. But even if that's how this Court decides, even if this Court decides that that was not appropriate, that somehow judicial estoppel for some reason attaches here, which it shouldn't, that affects one asserted claim. All of the other claims, our prior expert never analyzed these patent drawings in any context relevant to this appeal. So even if you find Claim 54 invalid for that basis... Do you, just pivoting, do you agree that our case law says that subsidiary fact findings on claim construction and indefiniteness too are to be decided by the Court and not by a jury? Subsidiary fact findings not on summary judgment, your Honor. No, I understand that. But there are times where that kind of fact finding occurs before the ultimate ruling of summary judgment, as I understand it. There could be a Markman hearing. Maybe embedded in that Markman hearing is an evidentiary hearing where testimony is taken. That is entirely... And then the District Court makes a ruling and it could be disputed claim term means X, not Y. Or alternatively, based on these underlying facts, I cannot tell what this claim term means. And then maybe the following day a motion for summary judgment is filed and it's granted. You wouldn't have some kind of objection to that procedural format, would you? No, your Honor. That would be completely consistent with Rule 52. So I guess then the next question would be, is there something in the rules that bars a judge from handling all of that maybe in one motion, in one posture, where he's doing both those underlying fact findings based on the competing expert testimony and then upon reaching a finding and conclusion about that, then at the same time or in the next step, issuing a summary judgment ruling? The way, Judge Shen, the way you frame that is entirely appropriate, but that's not what happened here. What happened here was on summary judgment without any evidentiary hearing, which to me is the underpinning of your question and why I'm agreeing that a judge can do that. I saw that A3239 footnote 9, it appeared that Crown made it clear to the court that it did not want an evidentiary hearing. Footnote 9 says, this is your opposition to the summary judgment. Ball may suggest that the court hold an evidentiary hearing, view evidence, weigh credibility, and write an opinion, but the court should seek a jury determination or at least an advisory verdict at the trial scheduled for September 11, 2023. One reading of that seems to be that you're rejecting any notion that there should be an evidentiary hearing here. No, Your Honor. The point there was that this is a fact issue, even though it underlies a question of all indefiniteness. We are well past the stage of claim construction and trying to figure out what a claim term means. We are, per this court's mandate, in the realm of claim application, and therefore a jury should be deciding that fact issue, not the court. Right, but there's two separate questions. One is who decides. The second is what process is necessary to reach a decision. Put aside your contention that only a jury can decide the underlying fact questions. Assume for a minute with me that the judge can do it. Then the question is whether the process was insufficient for making fact findings, assuming now we're not reading this as a summary judgment ruling, that is that we're not reading this as a decision that there is no genuine issue with disputed fact. I think Judge Hughes said, well, maybe this can be read either of two different ways. There's no genuine issue of triable fact. Another way is he's actually making fact findings, and he's doing it on a paper record, which is evidence. Why wouldn't, what's your objection to that, and did you make one there? And I think this is related to Judge Chen's point. Maybe this footnote is suggesting we don't want an oral testimony hearing. You have the evidence in front of you. Let's get this done now, in which case there's no insufficient process question. To the first point, Your Honor, Crown would have never and did not in that footnote waive an evidentiary hearing on this issue. The motion was brought up on summary judgment. The rules of Rule 56 in Anderson apply. What would have happened at the evidentiary hearing with you have these expert reports, they did certain objective things with the various measurements. What's the value of putting them on the stand? The entire value of having an evidentiary hearing, Your Honor, of the court listening and watching the testimony of these experts, of cross-examination, of the entire reason that under Rule 52 this court applies deference to a finding of fact because the judge was there. If in this case this court allows the judge deference on just declarations that are not admissible evidence... We do that all the time. If it's a paper record hearing, the judge hasn't heard live testimony, but they can still draw findings back from a paper record and they get deference from us. I can't speak to all the time, Your Honor, because if the party has an objective the way we have, I don't know what would happen. But in every single case that Ball cited in their briefing on this point, three things happened. Either there were no warring experts in the first place, the district court judge decided the evidence on the intrinsic record, in which case the NOVA review here is appropriate only, or the issue didn't come up at all. In none of those cases that Ball cited, in none was this issue brought up. None of the cases stand for the proposition that Rule 56 can completely be ignored because there's declarations in front of the district court judge. And in fact, Rule 56 itself says that the district court judge can consider declarations and can consider affidavits of items that would come into evidence later on if it's deemed admissible. In other words, the rule would not say that if declarations themselves were considered evidence. Is there a place that you can point me to in the joint appendix where you said to the district court, even if you, Your Honor, get to be the fact finder on this question, so it's not going to be a jury, we request that we have a live witness trial in front of you on this fact question. And here's what would happen in that trial. No, Your Honor. I submit that that's just a thing that doesn't happen. What we did do...  I didn't understand the answer to my question. We're not... Can you point to me...  The short answer, but can I expound? Yeah, first I wanted an answer. The answer is no. We never requested what is already set forth in Rule 52. We did not request that. What we did request was to file our competing motion for summary judgment, and the court denied that. Clearly, we were under Rule 56. That's what the court allowed Ball to file, a Rule 56 motion. That's what they filed. It says it right in the first sentence. We're clearly guided by Rule 56 here. Crown does not somehow waive its rights under the federal rules of evidence or civil procedure merely because it didn't make a request that, frankly, I've never seen made in any case. Okay, and I just want to double-check one thing before you sit down. You have not made anything in your arguments here about the presence of the word about in front of all of the numbers in these claims. That is, you haven't said, well, sure, this one says 19 and 21, but the claim says about 20. They're both in. You seem to have been in within the about 20. You seem to be accepting that if two different methods produce 19 and 21, one would be in and one would be out. Your Honor, the answer is no, but our job is responding to the motion of ball. Our job is not to make every argument that might become relevant, for example, in a jury trial. Okay. Thank you, Your Honor. Good morning, Your Honors. I think what I'm going to try to do rather than work through a full outline is address the various points that the Court made. Your Honor, there's the number of cases where this Court addresses claim construction and or indefiniteness, which Tebbe and a lot of this Court's cases make clear on those issues, findings of fact, pursuant to extrinsic evidence, such as we have here, are subject to clear error review. And the number of cases that do that in cases that nominally came up through summary judgment as opposed to claim construction, that's not a distinction that finds any support in this Court's jurisdiction. For example, one could hypothesize a party fights on claim construction at the outside of the case, gets a ruling that's adverse to them, moves for summary judgment on infringement based on evidence developed during discovery, and as part of that says, step one, modify your claim construction ruling because of this evidence that came out after the Markman briefing occurred, and step two, based on that new claim construction, there isn't a dispute over infringement. And Crown, because that issue came up during the summary judgment process, would say that the claim construction issue has to go to the jury. The Supreme Court tab of this Court... I would appreciate it if you would complete, if you would keep completely separate the question of what the jury has to decide and what the judge has to decide. Assume, at least for me, that I think it's perfectly proper for underlying fact questions in claim construction, and I'm going to include fact questions on indefiniteness, that the judge rather than the jury can decide. Now the question is, what process is needed? Is there a separation in that factual process, the same separation that Rule 56 creates between a trial and matter, facts that can be decided without a trial? Your Honor, I think the same series of cases doing the same thing about there's no jury involved all lead to the same conclusion. Do some of them say there is a factual finding? We're going to review that. Coming from a district court for clear error. The appellant argues that that factual finding was not done with adequate process, namely we requested a live witness hearing. It was denied to us, and you can't have factual findings when there is a request for live witness testimony, and it was denied. Therefore, in the absence of that, I'm now describing an argument that an appellant might make, you cannot treat that as a fact-finding subject to clear error review. You can declare it immaterial to claim construction. You can say it meets Rule 56 standards, but you can't call it a fact-finding subject to clear error review. And have we had a case where somebody made that argument and we've said no? Your Honor, I am, as I stand here today, not aware of precisely all of that. It was just an elaborate way of saying something that I think is pretty obvious in normal district court process. Your Honor, this court routinely treats findings of fact based on readings of declarations without an evidentiary hearing of live witnesses. Sure, I get that. I think the point is that if the parties agree to a paper hearing, then the district court judge is free to make factual findings based on that paper record. But if one of the parties doesn't agree, are they entitled to live witnesses? Your Honor, I would submit, again, I'm not aware of that. Was that within the discretion of the district court? Yes, candidly, I can't cite a case for that from this court because I'm not aware of facts like ours snaking their way through on this particular issue. But, Your Honor, our local rules provide that if you want a hearing on a motion, you ask for a hearing on the motion. Throughout this entire process, Crown was doing what it said in that footnote. It was saying just get everything finished, hold a trial in September, don't slow it down for anything. There was no request for hearing. And under our local rules, one does not have to waive an evidentiary hearing of live witnesses to be able to... You don't waive it, you have to affirmatively request it, and Crown did not do that here. So this is not unlike any of the legion of cases where at claim construction, at summary judgment otherwise, the court is facing either claim construction... Put aside waiver, just to use that term, or forfeiture. Why wouldn't a live witness hearing... And I keep saying live witness because the word hearing is used all the time for lawyers' arguments, and here it's absolutely critical to distinguish those things, right? A live witness hearing, why wouldn't that be valuable here for the fact finder to see the witnesses testifying, the experts testifying, to see the cross-examination of the witnesses, to decide if there really is a material difference that is produced by the use of different measurements. Point one, it's going to be a case-by-case situation... Here, here. The question is, why wouldn't it matter here? Because these were not witness credibility issues, Your Honor. As the court pointed out, the judge agreed or relied upon, if not found, what our expert did, the tests that our expert used, and rejected those that their expert used, not because he liked them more or because there was a credibility or he found them more believable. This court, in the opinion, in the remand opinion, after explaining the law very carefully, concluded with, and we emphasize, that the district court is to consider the different methods of finding the points that Mr. Hyam used and determine whether that actually moves the needle, and it's used the word evaluate, whether that moves the needle on the resulting angles, so that the emphasis was on the Hyam methods that have already been used. And as the court noted, and I can elucidate on that, Mr. Biondic disagreed with Mr. Hyam's methodology. He didn't actually, on some of the occasions, admit that he was doing it. He said he disagreed with our Mr. Gilles' methodology, but Mr. Gilles' report explained, this is what Mr. Hyam did, I am doing the same thing, and Crown never took issue with that, and Biondic didn't disagree with that. So while he didn't put a label on it, I'm not doing what Mr. Hyam did, which is the district court recognizes exactly what the district court was supposed to evaluate. He changed it. In essence, this is an imaginary line, a hypothetical line, by plotting two points poorly. So the charge from this court's remand decision was basically, hold that first point constant, use the two different methods to find the bottom point, and take the next step that the district court didn't go all the way to last time, which is to say, does that move the angle in a way that's a problem for each particular claim? From inside the claim to outside the claim. Yes. Yes. And Your Honor, Mr. Biondic, their new expert, changed the methodologies from the original expert, Mr. Hyam, in two important ways. Well, he only actually recalculated numbers. This is using PowerPoint instead of a protractor? That's one of them. On the second point, the lower of the two points, where you're basically holding this one constant, thumbtack the first point, and swing the string across and see what happens. He did do it a different way. Now, they say that our guy didn't say that that was unreasonable, and he didn't say that ours was unreasonable. But the fact is, it's different. If you're trying to overcome the zone of uncertainty that is what indefiniteness is about under Nautilus, Teba, and everything else, and you're determining whether one's skilled in the art, can reasonably clearly determine where the boundary is. And it turns out that Mr. Hyam's test actually has a version A and a version B. If you do the one that this court based its decision on last time, as our expert did, you have numbers on either side of the end of the claim. But if you find version B of his test, that doesn't resolve indefiniteness. That just puts the one skilled in the art, the potential competitor, trying to figure out whether they're safe or not. If they invest all this money and bring a product to market, in more jeopardy. It makes it more indefinite. It does not resolve it. It increases. But the first point, which presumably, when the court said, analyze the different methods for the second point and see if they make a difference, that impliedly, I mean, I wasn't a math major, but I think that means hold the first point constant. So that you can evaluate the change in the second point and how that affects the angle. But Mr. Biondic, on a number of his examples, went back and changed the first point as well. And he did it in a different way than Mr. Hyam did. And on our example six, which is the Krasko reference, well, the Krasko reference is not only part of this motion, but it's part of the 103 issue in the case. And in the deposition, I specifically asked Mr. Hyam, put it there. Where's the first point he drew it? And he not only didn't follow Mr. Hyam's method, he didn't follow Mr. Hyam's number, which is what we had relied upon. Can I get back to just how to understand the district court's opinion? Right at the beginning of the argument, Judge Hughes noted that there might be two different readings of the district court's opinion. One is that it was a kind of classic Rule 56 determination. There is no genuine dispute of material fact. I'm not making fact findings. I think the record requires the following. The other is, I am making fact findings. And which do you think it is? Your Honor, although I understand it's terse, but I think he was doing primarily the fact finding. But belt suspenders, he referenced Rule 56 as well. Because when he moves from his history of the case, and this court's prior decision, and this court's remand decision, and what was in front of him, the question. Right after he poses what the question was in front of him, he specifically refers to the argument that we offered, which is that under this court and Supreme Court jurisprudence, when he's deciding a subsidiary fact based on extrinsic evidence on indefiniteness, he is making facts. He can make facts. And he will be subject to clear error. We told him to wade into that, because that's the law. And he cited that at length just before he started citing the sections that Judge Hughes quoted before are very close below where they start from him saying that. So I think. I mean, there's references on page 14 and 15 of his opinion to the clear and convincing evidence standard, and the court making fact findings, and then sufficiently addressing the remand order that might suggest that the court is making factual findings. Yes. And then we get that one stray sentence addressing the new expert about whether those create genuine issues of material fact. I don't really know what to do with that, other than to think that he's just choosing to disregard that expert because he clearly was using different methodologies. Your Honor, what I was describing before was belt and suspenders, I think, is what was going on there. I think that the judge could clearly find the facts and rely on Mr. Gillesse and not Mr. Biondic because of the change in Mr. Biondic's not following the rules. And that could give him. That's enough under the clear air standard that I think he indicates is applicable here, that he can make that as a factual finding. But I think that going back to Rule 56 at the end. But if we look at it the other way, if he says their new expert didn't follow the rules set up by the Federal Circuit's remand, therefore I find his report irrelevant to the question presented, there's no genuine issue because your expert came in with undisputed statements of facts. You answered that more succinctly and better than I was about to. So yes, Your Honor. Is there anything in the Federal Rules of Civil Procedure that would bar a district court from making findings in the context of a Rule 56 decision? Factual findings? Yeah. The vehicle is Rule 56. If it's a decision that is subject to Rule 56, where the court is not permitted to find facts and receive the clear air deferential review, then Rule 56 trumps. But here, Teva in this court's case has made it clear, just like in my hypothetical about it, they brought claim construction back up in a summary judgment motion. The fact that the vehicle to bring it back up is the summary judgment motion doesn't change how you approach what the district court is doing. Nautilus occurred after claim construction in this case. So we tried to get, in claim construction, a construction that would have looked a lot like the change in geometry test. And the judge accepted Crown's invitation to reject that as importing a limitation from the specification. Well, under the pre-Nautilus law, that was a lot harder for us to deal with. But when Nautilus came down and talked about reasonable certainty, that fit. So at the close of discovery, we need to put the indefinite issue in front of the judge. We filed a motion on invalidity. We had a 103 issue in it, where the court couldn't have found facts. Would have had to do what I think is the suspenders part of the belt and suspenders and say that opinion of Mr. Biondic doesn't follow the instructions, so it's of no help. It's not a genuine issue. But the fact that we put the indefiniteness in with the same motion as the 103 at the close doesn't change what the judge has to do. And under the jurisprudence of this court and Supreme Court, that's to find the facts. And be subject to clear error. And the judge made it clear that's what he thought he was doing. If there's nothing else, thank you. Thank you. May I proceed? Please. OK. So if the district court found facts clearly inappropriate under Rule 56, to your question, Judge Chen, excuse me, no, there is nothing in the federal rules that exempts the requirement of no fact finding at a Rule 56 hearing or in a Rule 56 context. There's no exemption from Rule 56. I guess another way of asking it is, can you have something of a hybrid proceeding where you're considering both questions, both the underlying fact findings to figure out indefiniteness or claim construction, which we know a court is allowed to do. And then at the same time, or after having reached that conclusion, then in the next breath, making a call on whether, in fact, some of the judgment can be granted. I misunderstood the question, Your Honor. Thank you. There is no, Crown doesn't take any issue with that happening. That does seem to happen all the time, whether the parties waive it or whether there is actually a Rule 52 trial in conjunction with claim construction. That seems to happen all the time. That's every case that they've cited in the briefing. That's how it appears to me. And you think that's not a fair characterization of what ended up happening here? Not only do I think it, it is not. It is simply not a fair characterization. This was a Rule 56 motion. We didn't even have an oral argument on summary judgment. There wasn't anything close to any kind of evidentiary hearing. Certainly under Rule 52, there was no even findings of facts separate from conclusions of law. This was not a Rule 52 ruling. So what would a remand look like from your view? Would it be the case gets sent back and then what, the district court has a hearing on claim construction indefiniteness, the competing methodologies, whether or not they create materially different results? And then the court would issue an opinion on those underlying fact questions and then invite summary judgment motions on that? Our ideal world of a remand, and I do want to get to Judge Toronto's question about the change in geometry methodology and whether we abided by it. But patent drawings in this context for the reasons laid out in our briefing cannot be used in the way they were used there. That contravenes the mandate here, which required analysis of products or methods, operational canons, patent drawings do not do that. This court's precedent is very clear. Patent drawings are not supposed to be taken as drawn to scale and doing this type of measurements on the patent drawings was improper and cannot be clear and convincing evidence of indefiniteness. So in our ideal world, this court would reverse, particularly since we're 20 years since we filed the original complaint in this case. In our ideal world, this court would reverse and remand and essentially say that Ball cannot meet its burden, at least as the broad claims relying on these patent drawings. These patents expired nine years ago? These patents expired in 2016. This lawsuit was brought in 2005. The invention was in 1996. We're still trying to figure out how we would ever explain that to a jury. Are there any other cases that depend on this case pending or that could still be brought based on these expired patent claims? No, Your Honor. This is it? This is it. Okay. I know I'm well over my time, but I would like to address this notion that our experts somehow didn't abide by the mandate in applying the change in geometry method. Can I do that? Only in the next 20 seconds. Okay. I would invite the court to look at how this court at Appendix 1904 defined the change in geometry method. It simply says that it's identifying a point along the chuck wall where the radius of the lower arcuate portion of the chuck wall deviates from the chuck wall to become the annual reinforcing bead. Nothing in that definition says you need to use a physical compass versus a computer compass. And again, Ball's expert never took issue with the way Crown's expert implemented the change in geometry method. Thank you, Your Honor. Thank you, and thanks to all counsel. Case is submitted.